# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USDC Docket Number: 12CR40064-TSH

USCA Docket Number: 15-2309

UNITED STATES OF AMERICA

v.

GEOFFREY PORTWAY

## CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed _____ paper documents  X  electronic documents:

**Main Documents:**

Document Numbers: ECF NOS. 96, 98, 101, 102, 104, AND 105

**Other Documents:**

Sealed Records:

Document Numbers: _____

*Ex parte* Records:

Document Numbers: _____

are to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on DECEMBER 2, 2015 .

ROBERT M. FARRELL
Clerk of Court

By: /s/MATTHEW A. PAINE
Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: _____.

_____
Deputy Clerk, US Court  of Appeals

APPEAL,CUSTODY,VICTIM

# United States District Court
## District of Massachusetts (Worcester)
## CRIMINAL DOCKET FOR CASE #: <u>4:12−cr−40064−TSH</u>−1

Case title: USA v. Portway
 Related Case:  4:14−cv−40137−TSH
 Magistrate judge case number:  4:12−mj−05204−JGD

Date Filed: 12/04/2012
Date Terminated: 09/23/2013

———————————————————————————

Assigned to: District Judge Timothy S
Hillman

Appeals court case number: 15−2309
USCA − First Circuit

**Defendant (1)**

| | | |
|---|---|---|
| **Geoffrey Portway** | represented by | **Geoffrey Portway** |
| *TERMINATED: 09/23/2013* | | 94627−038 |
| *also known as* | | USP Tucson |
| fat_longpig@yahoo.com | | PO Box 24550 |
| *TERMINATED: 09/23/2013* | | TUCSON, AZ 85734 |
| *also known as* | | PRO SE |
| Fat Longpig | | |
| *TERMINATED: 09/23/2013* | | **Richard J. Sweeney** |
| *also known as* | | Sullivan & Sweeney, LLP |
| eaterofyoungboys | | 277 Newport Avenue |
| *TERMINATED: 09/23/2013* | | Quincy, MA 02170 |
| *also known as* | | 617−328−6900 |
| eaterofyoungboys@hotmail.com | | Fax: 617−328−6655 |
| *TERMINATED: 09/23/2013* | | Email: RSweeney@RSweeneylaw.com |
| | | *TERMINATED: 03/07/2014* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2252(a)(2)...DISTRIBUTION OF CHILD PORNOGRAPHY (1) | Dismissed |
| 18:373 SOLICITATION TO COMMIT A CRIME OF VIOLENCE (1s) | The defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 320 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of |

| | |
|---|---|
| | life. It is ordered that the defendant make restitution in the amount of $3000.00 to each of the 5 victims. It is further ordered that the defendant shall pay to the United States a special assessment of $300.00. |
| 18:2252(a)(4)(B)...POSSESSION OF CHILD PORNOGRAPHY (2) | Dismissed |
| 18:2252(a)(2)DISTRIBUTION OF CHILD PORNOGRAPHY (2s) | The defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 320 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of life. It is ordered that the defendant make restitution in the amount of $3000.00 to each of the 5 victims. It is further ordered that the defendant shall pay to the United States a special assessment of $300.00. |
| 18:2252(a)(4)(B)POSSESSION OF CHILD PORNOGRAPHY (3s) | The defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 320 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of life. It is ordered that the defendant make restitution in the amount of $3000.00 to each of the 5 victims. It is further ordered that the defendant shall pay to the United States a special assessment of $300.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2252(a)(2) & (a)(4)(B) Distribution and Possession of Child Pornography(18:2252A.F) | |

**Plaintiff**

**USA**                                                represented by

**Stacy D. Belf**
United States Attorney's Office MA
Suite 9200
1 Courthouse Way
Boston, MA 02210
617–748–3605
Email: stacy.belf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Thomas E. Kanwit**
United States Attorney's Office
1 Courthouse Way
John Joseph Moakley Federal Courthouse
Boston, MA 02210
617–748–3271
Fax: 617–748–3951
Email: thomas.kanwit@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Christopher R. Donato**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617–748–3303
Fax: 617–748–3972
Email: chris.donato@USDOJ.GOV
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/29/2012 | 2 | | COMPLAINT as to Geoffrey Portway (1). (Attachments: # 1 Affidavit of Peter Manning, # 2 JS45)(Belpedio, Lisa) [4:12–mj–05204–JGD] (Entered: 07/30/2012) |
| 07/30/2012 | 1 | | ELECTRONIC NOTICE of Case Assignment as to Geoffrey Portway; Magistrate Judge Judith G. Dein assigned to case. (Abaid, Kimberly) [4:12–mj–05204–JGD] (Entered: 07/30/2012) |
| 07/30/2012 | | | Arrest of Geoffrey Portway (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/01/2012) |
| 07/30/2012 | 4 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Judith G. Dein:Initial Appearance as to Geoffrey Portway held on 7/30/2012; USMJ Dein informs the Dft. of his rights and charges; Dft. has retained counsel;; Govt. states maximum penalties, moves for detention and continuance; Dft. seek to have PC Detention hearing for 8/7/12 @ 11:00am. USMJ Dein orders the Dft. remanded to custody of US Marshal pending |

3

| | | | |
|---|---|---|---|
| | | | hearing. (Attorneys present: Pellegrini and Spillane. )Court Reporter Name and Contact or digital recording information: Digital Recording – for transcripts or CDs contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/01/2012) |
| 08/06/2012 | | | Set/Reset Hearings as to Geoffrey Portway Detention Hearing set for 8/7/2012 11:00 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. Preliminary Examination set for 8/7/2012 11:00 AM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/06/2012) |
| 08/06/2012 | 5 | | NOTICE OF ATTORNEY APPEARANCE: Richard J. Sweeney appearing for Geoffrey Portway. Type of Appearance: Retained. (Sweeney, Richard) [4:12–mj–05204–JGD] (Entered: 08/06/2012) |
| 08/07/2012 | 6 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Judith G. Dein:Detention Hearing as to Geoffrey Portway held on 8/7/2012, Preliminary Hearing as to Geoffrey Portway reset on 8/7/2012; Dft consents to voluntary detention and seeks to have PC hearing on 9/5/12 @ 3:00pm. (Attorneys present: Belf and Sweeney. )Court Reporter Name and Contact or digital recording information: Digital Recording – for transcripts or CDs contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/07/2012) |
| 08/07/2012 | 7 | | Magistrate Judge Judith G. Dein: ORDER entered. ORDER OF DETENTION as to Geoffrey Portway (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/07/2012) |
| 08/17/2012 | | | Set/Reset Hearings as to Geoffrey Portway Preliminary Examination set for 9/5/2012 03:00 PM in Courtroom 15 before Magistrate Judge Judith G. Dein. (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 08/17/2012) |
| 08/26/2012 | 8 | | Joint MOTION for Extension of Time to October 25, 2012 to Indict *and Exclusion of Time Under the Speedy Trial Act, including Proposed Order* as to Geoffrey Portway by USA. (Belf, Stacy) [4:12–mj–05204–JGD] (Entered: 08/26/2012) |
| 09/05/2012 | 9 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Judith G. Dein:Preliminary Hearing as to Geoffrey Portway waived on 9/5/2012 Court Reporter Name and Contact or digital recording information: Digital Recording – for transcripts or CDs contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Quinn, Thomas) [4:12–mj–05204–JGD] (Entered: 09/07/2012) |
| 12/04/2012 | 10 | | INDICTMENT as to Geoffrey Portway (1) count(s) 1, 2. (Attachments: # 1 JS45)(Smith3, Dianne) (Entered: 12/04/2012) |
| 12/05/2012 | 11 | | ELECTRONIC NOTICE of Case Assignment as to Geoffrey Portway; District Judge Timothy S Hillman assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Robert B. Collings. (Abaid, Kimberly) (Entered: 12/05/2012) |
| 12/05/2012 | 12 | | |

4

| | | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered. Order Referring Case to Magistrate Judge Robert B. Collings Reason for referral: Full Pretrial Proceedings as to Geoffrey Portway (Alves–Baptista, Antonia) (Entered: 12/05/2012) |
|---|---|---|---|
| 12/05/2012 | 13 | | ELECTRONIC NOTICE OF HEARING as to Geoffrey Portway: Arraignment set for 12/10/2012 @ 01:45 PM in Courtroom 23 (Boston) before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 12/05/2012) |
| 12/10/2012 | 14 | | NOTICE OF ATTORNEY APPEARANCE: Richard J. Sweeney appearing for Geoffrey Portway. Type of Appearance: Retained. (Sweeney, Richard) (Entered: 12/10/2012) |
| 12/10/2012 | 15 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Robert B. Collings:Arraignment as to Geoffrey Portway (1) Count 1,2 held on 12/10/2012, Plea entered: Not Guilty on Counts 1 and 2. Court sets automatic disclosures for 1/3/13 and initial status conference for 1/7/13 @ 2:00 PM in Boston. (Attorneys present: Belf, Sweeney. )Court Reporter Name and Contact or digital recording information: Digital Recording – for transcripts or CDs contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Russo, Noreen) (Entered: 12/10/2012) |
| 12/10/2012 | 16 | | Magistrate Judge Robert B. Collings: ORDER entered. FIRST ORDER OF EXCLUDABLE DELAY as to Geoffrey Portway. Time excluded from 12/4/12 until 12/4/12. Reason for entry of order on excludable delay: 18 USC 3161(h)(1) Miscellaneous proceedings. Time excluded from 12/10/12 until 12/10/12. Reason for entry of order on excludable delay: 18 USC 3161(h)(1) Miscellaneous proceedings. Time excluded from 12/11/12 until 1/4/13. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Russo, Noreen) (Entered: 12/11/2012) |
| 12/11/2012 | 17 | | Magistrate Judge Robert B. Collings: ELECTRONIC ORDER entered as to Geoffrey Portway. The defendant was arraigned before me on December 10, 2012. Accordingly, the case shall proceed pursuant to the amendments to the Local Rules which became effective February 1, 2012. Since no waiver was filed at arraignment and no request for an extension to file such waiver was filed, automatic disclosures pursuant to L.R. 116.1(c) and (d) must be completed by the date set at arraignment, i.e., January 3, 2013. Counsel are ORDERED to appear for an initial Status Conference on Monday, January 7, 2013 at 2:00 PM at Courtroom 23 (7h floor)– Boston. Pursuant to L.R. 116.5(a), the Court does not require a joint memorandum before an initial status conference (Russo, Noreen) (Entered: 12/11/2012) |
| 01/07/2013 | 18 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Robert B. Collings: Initial Status Conference as to Geoffrey Portway held on 1/7/2013. Auto Discovery is complete. Gov't owes some discovery – hard drives. Court will extend time to request discovery as def't needs more time – 2/8/13. No protective orders needed at this time. Def't anticipates dispositive motions but at this time can't know when they can be filed. Court will set up interim status conference and the parties should know by then if they will be superseeding. Court sets interim status conference for 2/15/13 @ 11:30. There will expert reports. Gov't 45 days before trial –– def't 21 before trial. (Attorneys present: Belf, Sweeney. )Court Reporter Name and Contact or digital recording information: Digital Recording – for transcripts or CDs |

| | | | |
|---|---|---|---|
| | | | contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Russo, Noreen) (Entered: 01/07/2013) |
| 01/07/2013 | 19 | | Magistrate Judge Robert B. Collings: ORDER entered. SECOND ORDER ON EXCLUDABLE DELAY as to Geoffrey Portway. Time excluded from 1/7/13 until 1/7/13. Reason for entry of order on excludable delay: 18 USC 3161(h)(1) Miscellaneous proceedings. Time excluded from 1/8/13 until 2/15/13. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Russo, Noreen) (Entered: 01/07/2013) |
| 01/07/2013 | 20 | | Magistrate Judge Robert B. Collings: ORDER entered. REPORT AND ORDER on Initial Status Conference as to Geoffrey Portway. Interim Status Conference set for 2/15/2013 @ 11:30 AM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 01/07/2013) |
| 02/05/2013 | 21 | | ELECTRONIC NOTICE OF RESCHEDULING as to Geoffrey Portway: Interim Status Conference reset for 2/19/2013 @ 02:15 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 02/05/2013) |
| 02/06/2013 | 22 | | Assented to MOTION to Continue *interim status date of 2/19/2013* to 2/13/2013 to Interim Status date as to Geoffrey Portway. (Sweeney, Richard) (Entered: 02/06/2013) |
| 02/07/2013 | 23 | | Magistrate Judge Robert B. Collings: ELECTRONIC ORDER entered granting 22 Motion to Continue as to Geoffrey Portway (1) Interim Status Conference re−set for 2/13/2013 @ 03:15 PM in Courtroom 23 before Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 02/07/2013) |
| 02/13/2013 | 24 | | ELECTRONIC Clerk's Notes for proceedings held before Magistrate Judge Robert B. Collings: Interim Status Conference as to Geoffrey Portway held on 2/13/2013. Discovery is complete. Motions are not expected and the case is expected to resolve in a plea. Court sets final status conference for 3/8/13 @ 11:30 AM. If prior to that time the parties can report the case ready for a Rule 11 they should simply file a motion to that effect and the final status will be cancelled. Court Reporter Name and Contact or digital recording information: Digital Recording − for transcripts or CDs contact Deborah Scalfani (deborah_scalfani@mad.uscourts.gov). (Russo, Noreen) Modified on 2/15/2013 (Russo, Noreen). (Entered: 02/15/2013) |
| 02/15/2013 | 25 | | Magistrate Judge Robert B. Collings: ELECTRONIC ORDER FOR FINAL STATUS CONFERENCE (L.R. 116.5(c)) entered as to Geoffrey Portway. A Final Status Conference pursuant to Local Rule 116.5(c) is set for Friday, March 8, 2013 AT 11:30 AM at Courtroom #23 (7th floor). Pursuant to Local Rule 116.5(c), counsel for the defendant shall confer with the Assistant U.S. Attorney and, no later than FIVE (5) CALENDAR DAYS prior to the Final Status Conference, file a joint memorandum addressing all of the issues listed in Local Rule 116.5(b)(1) through (9) **and** 116.5(c)(1) through (3) and any other issue relevant to the progress of the case. If counsel files a statement to the effect that his client will offer a change of plea to the charge(s) contained in the Indictment, the conference shall be canceled. (Russo, Noreen) (Entered: 02/15/2013) |
| 03/05/2013 | 26 | | STATUS REPORT *JOINT, FINAL* by USA as to Geoffrey Portway (Belf, Stacy) (Entered: 03/05/2013) |

| 03/06/2013 | 27 | | Magistrate Judge Robert B. Collings: ORDER entered as to Geoffrey Portway. Counsel have informed the Clerk that the defendant will plead guilty to the charges contained in the indictment. See 26 Joint Final Status Report. The March 8th Final Status Conference is cancelled. THE CASE IS RETURNED TO THE CLERK'S OFFICE WITH INSTRUCTIONS TO BRING THE CASE TO THE IMMEDIATE ATTENTION OF THE COURTROOM DEPUTY CLERK ASSIGNED TO JUDGE HILLMAN'S SESSION. The Clerk shall enter on the docket the fact that the case is no longer referred to Magistrate Judge Collings. (Russo, Noreen) (Entered: 03/06/2013) |
|---|---|---|---|
| 03/06/2013 | | | Terminate Deadlines and Hearings as to Geoffrey Portway. (Russo, Noreen) (Entered: 03/06/2013) |
| 03/06/2013 | 28 | | Case as to Geoffrey Portway no longer referred to Magistrate Judge Robert B. Collings. (Russo, Noreen) (Entered: 03/06/2013) |
| 03/06/2013 | 29 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered acknowledging 27 Report and Order on Final Status Conference by Magistrate Judge as to Geoffrey Portway (1). Rule 11 Hearing set for 3/28/2013 at 3:00PM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Castles, Martin) (Entered: 03/06/2013) |
| 03/11/2013 | 30 | | MOTION to Exclude *Time* as to Geoffrey Portway by USA. (Belf, Stacy) (Entered: 03/11/2013) |
| 03/21/2013 | 31 | | Consent MOTION for Extension of Time to Week of April 8, 2013 to File Schedule Rule 11 Hearing and Toll Speedy Trial Clock as to Geoffrey Portway by USA. (Belf, Stacy) Modified on 3/22/2013 (Castles, Martin). (Entered: 03/21/2013) |
| 03/22/2013 | 32 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 30 Motion to Exclude time as to Geoffrey Portway (1). (Castles, Martin) (Entered: 03/22/2013) |
| 03/22/2013 | 33 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 31 Motion to Continue as to Geoffrey Portway (1). Rule 11 Hearing reset for 4/9/2013 at 10:30AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Castles, Martin) (Entered: 03/22/2013) |
| 03/22/2013 | 34 | | ELECTRONIC NOTICE OF RESCHEDULING as to Geoffrey Portway. Rule 11 Hearing reset for 4/10/2013 at 11:00AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Castles, Martin) (Entered: 03/22/2013) |
| 03/25/2013 | 35 | | District Judge Timothy S Hillman: ORDER entered. ORDER ON EXCLUDABLE DELAY as to Geoffrey Portway. Time excluded from 2/15/13 until 4/9/13. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Castles, Martin) (Entered: 03/25/2013) |
| 04/09/2013 | 36 | | Consent MOTION for Extension of Time to May 6, 2013 to File Postpone Speedy Trial Clock and Rule 11 Hearing as to Geoffrey Portway by USA. (Belf, Stacy) Modified on 4/9/2013 (Castles, Martin). (Entered: 04/09/2013) |
| 04/09/2013 | 37 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 36 Motion to Continue as to Geoffrey Portway (1). Rule 11 Hearing reset for 5/6/2013 at 3:30PM in Courtroom 2 – Worcester before District Judge |

| | | | |
|---|---|---|---|
| | | | Timothy S Hillman. (Castles, Martin) (Entered: 04/09/2013) |
| 04/09/2013 | 38 | | District Judge Timothy S Hillman: ORDER entered. ORDER ON EXCLUDABLE DELAY as to Geoffrey Portway. Time excluded from 4/9/13 until 5/6/13. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Castles, Martin) (Entered: 04/09/2013) |
| 05/06/2013 | 39 | | SUPERSEDING INFORMATION as to Geoffrey Portway (1) count(s) 1s, 2s, 3s. (Attachments: # 1 JS45)(Burgos, Sandra) (Entered: 05/06/2013) |
| 05/06/2013 | 40 | | ELECTRONIC Clerk's Notes for proceedings held before District Judge Timothy S Hillman:Rule 11 Hearing as to Geoffrey Portway held on 5/6/2013, Case called, Counsel and dft (in custody) appear for Rule 11 Hearing, Dft's first appearance on information, Dft waives indictment (waiver filed) and pleads GUILTY to counts 1s–3s of the supersediing information, Plea entered by Geoffrey Portway (1) Guilty Counts 1s,2s,3s, The plea is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), Court defers acceptance of plea until after review of the PSR, ( Sentencing set for 8/2/2013 at 9:30AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman), Procedural order re sentencing to issue, Dft is remanded to the custody of the U.S. Marshal, (Attorneys present: Belf/Sweeney)Court Reporter Name and Contact information: Marianne Kusa–Ryll (justicehill@aol.com). (Castles, Martin) (Entered: 05/07/2013) |
| 05/06/2013 | 41 | | WAIVER OF INDICTMENT by Geoffrey Portway (Castles, Martin) (Entered: 05/07/2013) |
| 05/06/2013 | 42 | | PLEA AGREEMENT as to Geoffrey Portway (Castles, Martin) (Entered: 05/07/2013) |
| 05/07/2013 | 43 | | District Judge Timothy S Hillman: ORDER entered. PROCEDURAL ORDER re sentencing hearing as to Geoffrey Portway. Sentencing set for 8/2/2013 at 9:30AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Castles, Martin) (Entered: 05/07/2013) |
| 07/15/2013 | 44 | | MOTION to Continue *Sentencing* to Date to be Determined by the Court as to Geoffrey Portway by USA. (Belf, Stacy) (Entered: 07/15/2013) |
| 07/15/2013 | 45 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 44 Motion to Continue as to Geoffrey Portway (1) Status Conference set for 8/2/2013 at 09:30 AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Burgos, Sandra) (Entered: 07/15/2013) |
| 07/15/2013 | | | Terminate Sentencing Hearings as to Geoffrey Portway. (Burgos, Sandra) (Entered: 07/15/2013) |
| 07/15/2013 | 46 | | Objection by Geoffrey Portway re 44 MOTION to Continue *Sentencing* to Date to be Determined by the Court (Sweeney, Richard) Modified docket text on 7/16/2013 (Burgos, Sandra). (Entered: 07/15/2013) |
| 07/19/2013 | 47 | | MOTION for Forfeiture of Property *(Preliminary)* as to Geoffrey Portway by USA. (Attachments: # 1 proposed Preliminary Order of Forfeiture)(Lei, Veronica) (Entered: 07/19/2013) |
| 07/31/2013 | 48 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered. ORDER CANCELING DEADLINE as to Geoffrey Portway. The status conference set |

| | | | |
|---|---|---|---|
| | | | for 8/2/13 is hereby canceled. The court will be setting a new sentencing hearing date. (Castles, Martin) (Entered: 07/31/2013) |
| 07/31/2013 | 49 | | ELECTRONIC NOTICE OF RESCHEDULING as to Geoffrey Portway. Sentencing reset for 9/17/2013 at 9:30AM in Courtroom 2 – Worcester before District Judge Timothy S Hillman. (Castles, Martin) (Entered: 07/31/2013) |
| 09/04/2013 | 50 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 47 Motion for Forfeiture of Property as to Geoffrey Portway (1). (Castles, Martin) (Entered: 09/04/2013) |
| 09/04/2013 | 51 | | District Judge Timothy S Hillman: ORDER entered. PRELIMINARY ORDER OF FORFEITURE as to Geoffrey Portway. (Castles, Martin) (Entered: 09/04/2013) |
| 09/10/2013 | 52 | | SENTENCING MEMORANDUM by USA as to Geoffrey Portway (Attachments: # 1 Exhibit Table of Contents, # 2 Exhibit A1: Booking Photo, # 3 Exhibit A2 (Part I): Search Warrant Photos, # 4 Exhibit A2 (Part II): Search Warrant Photos (cont'd), # 5 Exhibit B3–B14: Excerpts of Chats Between Portway and Others, # 6 Exhibit E23–E24: Info About Portway's Child Pornography Collection, # 7 Exhibit F25–F29: Gen'l Info About Child Pornography, # 8 Exhibit G30–G34: Cannibalism Network, # 9 Exhibit G35–G37: Cannibalism Network (cont'd))(Belf, Stacy) (Entered: 09/10/2013) |
| 09/13/2013 | 54 | | SENTENCING MEMORANDUM by Geoffrey Portway (Attachments: # 1 Exhibit Dr. Eric Brown's Aid In Sentencing Evaluation)(Sweeney, Richard) (Entered: 09/13/2013) |
| 09/17/2013 | 55 | | ELECTRONIC Clerk's Notes for proceedings held before District Judge Timothy S Hillman:Sentencing held on 9/17/2013 as to Geoffrey Portway (1), Count(s) 1, 2, Dismissed; Count(s) 1s, 2s, 3s, Case called, Counsel and dft (in custody) appear for sentencing hearing, Govt calls witnesses, Exhibits marked and some are ordered sealed, The Court sentences the dft as follows: The defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 320 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of life. It is ordered that the defendant shall make restitution in the amount of $3000.00 to each of the 5 victims. It is further ordered that the defendant shall pay to the United States a special assessment of $300.00, The dft is remanded to the custody of the U.S. Marshal. (Attorneys present: Belf/Sweeney)Court Reporter Name and Contact information: Marianne Kusa–Ryll (justicehill@aol.com). (Castles, Martin) (Entered: 09/17/2013) |
| 09/23/2013 | 56 | | District Judge Timothy S Hillman: ORDER entered. JUDGMENT as to Geoffrey Portway (1), Count(s) 1, 2, Dismissed; Count(s) 1s, 2s, 3s, The defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 320 months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of life. It is ordered that the defendant make restitution in the amount of $3000.00 to each of the 5 victims. It is further ordered that the defendant shall pay to the United States a special assessment of $300.00. (Castles, Martin) (Entered: 09/23/2013) |
| 10/29/2013 | 57 | | NOTICE OF ATTORNEY APPEARANCE Christopher R. Donato appearing for USA. (Donato, Christopher) (Entered: 10/29/2013) |

| 10/29/2013 | 58 | | SATISFACTION OF JUDGMENT as to Geoffrey Portway (Donato, Christopher) (Entered: 10/29/2013) |
|---|---|---|---|
| 01/21/2014 | 59 | | US Treasury Process Receipt and Return for service of Preliminary Order of Forfeiture upon Geoffrey Portway and Richard Sweeney, Esq., and seizure of computers and miscellaneous electronics equipment. served. (Lei, Veronica) (Main Document 59 replaced on 1/22/2014) (Burgos, Sandra). (Entered: 01/21/2014) |
| 01/21/2014 | 60 | | Service by Publication as to Geoffrey Portway. (Lei, Veronica) (Entered: 01/21/2014) |
| 01/24/2014 | 61 | | MOTION for Forfeiture of Property as to Geoffrey Portway by USA. (Attachments: # 1 Final Order of Forfeiture)(Rachal, Doreen) (Entered: 01/24/2014) |
| 02/03/2014 | 62 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 61 Motion for Forfeiture of Property as to Geoffrey Portway (1) (Castles, Martin) (Entered: 02/03/2014) |
| 02/03/2014 | 63 | | District Judge Timothy S Hillman: ORDER entered. FINAL ORDER OF FORFEITURE as to Geoffrey Portway. (Castles, Martin) (Entered: 02/03/2014) |
| 03/05/2014 | 65 | | MOTION to Withdraw as Attorney by Richard J. Sweeney as to Geoffrey Portway. (Sweeney, Richard) (Entered: 03/05/2014) |
| 03/07/2014 | 66 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 65 Motion to Withdraw as Attorney. Attorney Richard J. Sweeney terminated as to Geoffrey Portway (1) (Castles, Martin) (Entered: 03/07/2014) |
| 04/11/2014 | 67 | | US Treasury Process Receipt and Return for disposal of forfeited properties. served. (Lei, Veronica) (Entered: 04/11/2014) |
| 09/19/2014 | 68 | | MOTION to Vacate under 28 U.S.C. 2255 as to Geoffrey Portway. (Burgos, Sandra)<br>Civil case 4:14–cv–40137 opened. (Entered: 09/19/2014) |
| 09/19/2014 | 69 | | MOTION for Extension of Time to December 16, 2014 to File Memorandum of Law as to Geoffrey Portway. (Burgos, Sandra) (Entered: 09/22/2014) |
| 10/28/2014 | 70 | | Letter (non–motion) regarding status of motion for extension of time as to Geoffrey Portway. (Burgos, Sandra) (Entered: 10/28/2014) |
| 10/29/2014 | 71 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 69 Motion for Extension of Time to File memorandum as to Geoffrey Portway (1). (Castles, Martin) (Entered: 10/29/2014) |
| 10/29/2014 | 72 | | District Judge Timothy S Hillman: ORDER entered. SERVICE ORDER re 2255 Motion. Order entered pursuant to R.4 of the Rules governing Section 2255 cases for service on respondents. Answer/responsive pleading due w/in 20 days of receipt of this order. (Castles, Martin) (Entered: 10/29/2014) |
| 11/17/2014 | 73 | | MOTION for Extension of Time to January 12, 2015 to File Response to Defendant's Motion to Vacate *To Allow For Defendant's Filing* as to Geoffrey Portway by USA. (Belf, Stacy) (Entered: 11/17/2014) |

| 11/18/2014 | 74 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 73 Motion for Extension of Time to January 12, 2015 to File Response to Defendant's Motion to Vacate. Response due by 1/12/2015. (Castles, Martin) (Entered: 11/18/2014) |
| --- | --- | --- | --- |
| 12/15/2014 | 75 | | MEMORANDUM of Points and Authorities in Support re 68 MOTION to Vacate under 28 U.S.C. 2255 by Geoffrey Portway.(Burgos, Sandra) (Entered: 12/15/2014) |
| 01/07/2015 | 76 | | NOTICE OF ATTORNEY APPEARANCE Thomas E. Kanwit appearing for USA. (Kanwit, Thomas) (Entered: 01/07/2015) |
| 01/09/2015 | 77 | | MOTION for Extension of Time to 2/11/15 to File Response/Reply *to 2255 petition* as to Geoffrey Portway by USA. (Kanwit, Thomas) (Entered: 01/09/2015) |
| 01/09/2015 | 78 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 77 Motion for Extension of Time to File Response as to Geoffrey Portway (1). (Castles, Martin) (Entered: 01/09/2015) |
| 02/11/2015 | 79 | | MEMORANDUM in Opposition by USA as to Geoffrey Portway re 68 MOTION to Vacate under 28 U.S.C. 2255 (Kanwit, Thomas) (Entered: 02/11/2015) |
| 02/27/2015 | 80 | | MOTION for Extension of Time to April 12, 2015 to File Response/Reply as to 79 Memorandum in Opposition as to Geoffrey Portway. (Jones, Sherry) (Entered: 02/27/2015) |
| 03/02/2015 | 81 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 80 Motion for Extension of Time to File Response as to Geoffrey Portway (1). (Castles, Martin) (Entered: 03/02/2015) |
| 03/30/2015 | 82 | | REPLY TO RESPONSE to Motion by Geoffrey Portway re 68 MOTION to Vacate under 28 U.S.C. 2255 (Burgos, Sandra) (Entered: 03/30/2015) |
| 03/30/2015 | 83 | | Letter (non−motion) regarding motion to extend as to Geoffrey Portway. (Burgos, Sandra) (Entered: 03/30/2015) |
| 05/20/2015 | 84 | | District Judge Timothy S Hillman: MEMORANDUM AND ORDER entered denying 68 Motion to Vacate (2255) as to Geoffrey Portway (1). (Castles, Martin) Civil Case 4:14−cv−40137−TSH closed. (Entered: 05/20/2015) |
| 06/08/2015 | 85 | | MOTION to Alter Judgment as to Geoffrey Portway. (Jones, Sherry) (Entered: 06/08/2015) |
| 08/12/2015 | 86 | | Letter (non−motion) regarding docket sheet as to Geoffrey Portway. (Burgos, Sandra) (Entered: 08/12/2015) |
| 08/12/2015 | 87 | | Docket sheet sent to Geoffrey Portway.(Burgos, Sandra) (Entered: 08/12/2015) |
| 08/26/2015 | 88 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered denying 85 Motion to Alter Judgment as to Geoffrey Portway (1). (Castles, Martin) (Entered: 08/26/2015) |
| 09/08/2015 | 89 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to reinstate and judgment by default as to Geoffrey Portway. (Jones, Sherry) (Entered: 09/08/2015) |
| 09/08/2015 | 90 | | MOTION request to the clerk of the court for entry of default as to Geoffrey Portway. (Jones, Sherry) (Entered: 09/08/2015) |
| 09/08/2015 | 91 | | AFFIDAVIT in Support of Geoffrey Portway; by Geoffrey Portway re 89 MOTION to reinstate and judgment by default, 90 MOTION request to the clerk of the court for entry of default (Jones, Sherry) (Entered: 09/08/2015) |
| 09/08/2015 | 92 | | RESPONSE to Motion by USA as to Geoffrey Portway re 89 MOTION to reinstate and judgment by default, 90 MOTION request to the clerk of the court for entry of default (Kanwit, Thomas) (Entered: 09/08/2015) |
| 09/11/2015 | 93 | | District Judge Timothy S Hillman: ELECTRONIC ORDER entered denying 89 Motion to reinstate and judgment by default as to Geoffrey Portway (1) and denying 90 Motion request to the clerk of the court for entry of default as to Geoffrey Portway (1). (Castles, Martin) (Entered: 09/11/2015) |
| 09/21/2015 | 94 | | Letter requesting docket sheet, written order and application to proceed in forma pauperis as to Geoffrey Portway. (Docket Sheet and Application to proceed in forma pauperis mailed, there is no written order regarding his motion to alter judgment, it was an electronic order.) (Jones, Sherry) (Entered: 09/21/2015) |
| 10/05/2015 | 95 | | Reply to RESPONSE of the United States and for the court to take judicial notice by Geoffrey Portway. (Jones, Sherry) (Entered: 10/05/2015) |
| 10/26/2015 | 96 | 14 | MOTION for Certificate of Appealability as to Geoffrey Portway. (Burgos, Sandra) (Entered: 10/28/2015) |
| 10/26/2015 | 97 | | NOTICE OF APPEAL by Geoffrey Portway re 84 Order on Motion to Vacate (2255).. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 11/16/2015. (Burgos, Sandra) (Entered: 10/28/2015) |
| 10/26/2015 | 98 | 23 | MOTION for Leave to Appeal In Forma Pauperis as to Geoffrey Portway. (Burgos, Sandra) (Entered: 10/28/2015) |
| 10/30/2015 | 99 | | Certified and Transmitted Abbreviated Electronic Record on Appeal as to Geoffrey Portway to US Court of Appeals re 97 Notice of Appeal. (Paine, Matthew) (Entered: 10/30/2015) |
| 10/30/2015 | 100 | | USCA Case Number as to Geoffrey Portway 15–2309 for 97 Notice of Appeal filed by Geoffrey Portway. (Paine, Matthew) (Entered: 10/30/2015) |
| 11/06/2015 | 101 | 33 | MEMORANDUM in Opposition by USA as to Geoffrey Portway re 96 MOTION for Certificate of Appealability (Kanwit, Thomas) (Entered: 11/06/2015) |

| 11/19/2015 | 102 | 36 | REPLY TO RESPONSE by Geoffrey Portway re 96 MOTION for Certificate of Appealability. (Burgos, Sandra) (Entered: 11/19/2015) |
| 11/24/2015 | 103 | | ORDER of USCA as to Geoffrey Portway re 97 Notice of Appeal. ORDER directing district court to issue or deny a certificate of appealability. (Paine, Matthew) (Entered: 11/24/2015) |
| 12/01/2015 | 104 | 38 | District Judge Timothy S Hillman: ORDER entered denying 96 Motion for Certificate of Appealability as to Geoffrey Portway (1). (Castles, Martin) (Entered: 12/01/2015) |
| 12/01/2015 | 105 | 40 | District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting 98 Motion for Leave to Appeal In Forma Pauperis as to Geoffrey Portway (1) (Castles, Martin) (Entered: 12/01/2015) |

Geoffrey Portway, #94627-038
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Geoffrey Portway,

    Petitioner,

vs.

United States of America,

    Respondent.

Civ. No. 14-cv-40137-TSH
Crim.No. 12-cr-40064-TSH

APPLICATION FOR CERTIFICATE
OF APPEALABILITY WITH MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Fed.R.App.P. 22(b)(1)

## Relief Sought

Geoffrey Portway, Petitioner, pro se, applies to the Court, under the provisions of Rule 22(b)(1), Fed.R.App,P., and 28 U.S.C. § 2253(c), for a certificate of appealability ("COA") of this Court's judgment denying the 28 U.S.C. § 2255 collateral motion for habeas corpus relief.

## Grounds for Relief

The grounds for this application are:

1.    This Court entered a final appealable judgment in this matter on September 11, 2015, that denied Petitioner relief of a motion to reinstate the matter, due to the Government's failure to oppose Petitioner's Motion pursuant to Rules 59(e) and 60(b)(6), Fed.R.Civ.P., for the Court to amend the judgment, for which this Court denied on August 26, 2015, making a notice of appeal timely on or before October 25, 2015, making this application and the accompanying notice of appeal timely, under Fed.R.App.P. 4(a)(4).

2.    On September 9, 2015, as a result of Petitioner having asked the clerk
of the Court to enter default against the Government for not having reponded to
the Rules 59(e) and 60(b)(6), Fed.R.Civ.P., motion to alter or amend the judg-
ment, the Government filed a one-and-a-half page document arguing that Petitioner
had attempted to obtain a third bite of an apple, when all Petitioner was doing
was expounding on the reasons this Court should grant the motion, where the Gov-
ernment had not, in any of its pleadings in response to Petitoner's pleadings,
refuted any of the claims asserted that established, irrefutably, that the limits
placed on the Federal Government precludes the application, thus enforcement, of
the federal offenses charged in  this case in a nationwide manner, in the absence
of a constitutional amendment allowing for such enforcement, as once the Eighteenth
Amendment did for the commerce of intoxicating liquors used for beverage purposes,
and establishes that the laws of Congress, absent such an amendment, apply only
in such areas the Government enjoys sole and exclusive legislative jurisdiction.

3.    Petitioner desires to appeal this judgment, as is authorized by 28
U.S.C. § 2253(a).  However, the provisions thereunder and Appellate Rule 22(b)(1)
require a certificate of appealability as a precondition of proceeding with the
appeal.

4.    A timely notice of appeal is submitted for filing on October 23, 2015.

5.    Pursuant to Rule 22(b)(1), Fed.R.App.P., once an applicant files a
notice of appeal, the district judge who rendered the judgment denying relief
must either issue a certificate of appealability or state why a COA should not
issue.

6.    For reasons more fully explained in the  supporting Memorandum of Points
and Authorities, a COA should issue on the following issues:

a.    The failure of the Government to refute any of the assertions presented

-2-

in Petitioner's assertions regarding the limits of the Federal Government to apply and enforce its criminal laws nationally, in the absence of a constitutional amendment for such applicability, thus enforcement, and prosecution thereof, in a court that because of such fact is divest of personal jurisdiction over the accused, renders the conviction null and void and subject to habeas corpus relief.

b.      The Commerce Clause, as drafted and intended for application thereof, by the Framers, as expressed in The Federalist and Justice Joseph Story in his Commentaries on the Constitution of the United States, precludes its expansion to reach criminal conduct, where not even the Necessary and Proper Clause can be used as an excuse to enact substantive laws not expressly provided for in the enumeration in Article I, § 8, to reach alleged criminal conduct in a nationwide manner committed by an individual.

c.      The principles of federalism, which the Tenth Amendment protects the States against federal encroachment into their sovereign territorial jurisdiction, precludes the Federal Government from applying, thus enforcing, its criminal laws anywhere within the territorial limits of the States, on the premise that each State has the capacity to enact its own criminal laws that can reach similar conduct the federal laws make criminal, but the Federal Government is constitutionally precluded from enforcing in such States, with the exception of those committed within an enclave within such States.

d.      Thus, on the assertions, supra, this Court was want of personal jurisdiction over Petitioner, where the Government is constitutionally precluded, under the principles of federalism, to apply and enforce its criminal laws in a nationwide manner, and renders the plea agreement null and void because the Government lacked standing to even offer it to Petitioner, once the claim of lack of personal jurisdiction of this Court, and the lack of constitutional

-3-

16

power of the Government has been asserted, as it has been done in this case, to hale Petitioner into a court want of either one of the required jurisdictions to sit in judgment of the matter.

7.    A COA, therefore, is proper on these issues because, as argued in the supporting Memorandum, Petitioner has made a substantial showing of the denial of a constitutional right on these issues within the meaning of 28 U.S.C. § 2253(c)(2), to wit: the right to be deprived of his liberty only by the exercise of lawful constitutional power, and it was manifestly unjust for the Court to avoid the asserted claims raised by Petitioner, that the Government did not even try to refute the validity of, and the judgment of this Court denying the collateral motion does not qualify as a final judgment for the Court of Appeals to review, and must result in a remand to this Court to give this Court a "first crack at the constitutional claim[s]," Wyman v. United States, 62 Fed.Appx. 364, 366 (1st Cir. 2003)(citations omitted), that have been left unresolved.

## Memorandum of Points and Authorities In Support

8.    Before a court of the United States may sit in judgment, the burden is on the Government to establish that the district court possesses both personal and subject-matter jurisdiction in the matter. As the Supreme Court has admonished in its opinions:

"The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereingty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requries that "the maintenance of the [cause] ... not offend 'traditional notions of fair play and substantial justice.'""

Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702-03 (1982)(citations omitted)(emphasis added).

-4-

9.    It matters not whether the cause before a district court be civil or criminal in nature, the Government must establish the existence of both types of jurisdiction, as the Supreme Court has pointed out, saying:

> "Steel Co. v. Citizens for Better Environment, ... clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). ... "Without jurisdiction the court cannot proceed at all in any cause"; it may not assume jurisdiction for the purpose of deciding the merits of the case."

Sinochem Int'l v. Malaysia Int'l, 549 U.S. 422, 430-31 (2007)(citations omitted)

Cf., e.g., Vermont ANR v. U.S. ex rel. Stevens, 529 U.S. 765, 779 (2000)(same).

10.    With this Court completely ignoring the assertions regarding the express limits the Constitution imposes on the Federal Government for the application and enforcement of its criminal laws in a nationwide manner, as Justice Thomas made clear it is precluded from in United States v. Lopez, 514 U.S. 549, 596-97 n. 6 (1995)(in relevant part), he pointed out: "Notwithstanding any substantial effects that murder, kidnapping, or gun possession [,or any other commerce-nexus crime] might have had on interstate commerce, Congress understood that it could not establish nationwide prohibitions," id., at 596-97 n. 6 (1995) (in relevant part)(Thomas, J. concurring), and, without an amendment of the Constitution, such as once the Eighteenth Amendment had, Congress is still precluded from establishing nationwide prohibitions against any commerce-related conduct, such as for the purported federal offenses charged in this case for enforcement by the Executive Branch, and haling one into a district court shown to be want of personal jurisdiction for the foregoing reasons and matters of constitutional jurisprudence.

11.    The Supreme Court case of Granholm v. Heald, 544 U.S. 460 (2005), is directly on point for this propositional principle of constitutional law, of the

necessity of there being an amendment to the Constitution before a commerce-based offense may be applied and enforced in a nationwide manner, when the Dissenters pointed out:

> "The moral condemnation of the use of alcohol as a beverage represented not merely the convictions of our religious leaders, but the views of a sufficiently large majority of the population to warrant the rare exercise of the power to amend the Constitution.... The Eighteenth Amendment entirely prohibited **commerce** in "intoxicating liquors" for beverage purposes throughout the United States ...."

Id., 544 U.S., at 494-95 (2005)(in relevant part)(Stevens, J., with whom O'Connor, J. joins, dissenting)(emphasis added).

12.    Thus, in order to apply and enforce any commerce-related prohibited conduct, such as firearm possession by convicted felons; bank robbery; the manufacture and distribution of illicit drugs; kidnapping; use of computers in the commission of crimes; and the production, possession, or distribution of child pornography just to name a few, cannot be enforced by the Federal Government in a nationwide manner, "[i]n the absence of properly passed constitutional amendment," U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 838 (1995), addressing each and every single commerce-based conduct, or an all-encompassing amendment allowing Congress to have "authority over all activities that 'substantially affect' interstate commerce," as Justice Thomas made clear the Constitution does not provide. Lopez, supra, 514 U.S., at 587-88 (1995)(Thomas, J. concurring).

13.    The principle that the Government cannot exercise all the powers of governing the States may, in our dual-system of sovereign government, has repeatably been emphasized by the Supreme Court, the most recent opinion stating that the United States

> ""is acknowledged by all to be one of enumerated powers." That is, rather than granting general authority to perform all the conceivable functions of government, the Constitution lists, or enumerates, the Federal Government's powers. ... The enumeration of powers is also a limitation of powers, because "[t]he enumeration presupposes something not enumerated."... The Constitution's express conferral of some powers makes clear that it does not grant others. And the Federal Government "can exercise only the powers granted to it.""

-6-

19

Nat'l Fed. of Indep. Bus. v. Sebelius, 132 S.Ct. 2566 ("Sebelius"), 2577 (2012) (citations omitted).

14.    The fact that the Framers drafted no express language into the Commerce Clause to either provide for the "punishment" or to "define and punish" thereunder any conduct that may be considered criminal in nature, as do clauses 6 and 10 of Article I, § 8, makes clear that if the Framers intended to have the Clause used as a means to reach private conduct, that is commerce-based, by individuals, they would have drafted such reach into the language of the Commerce Clause, and the indisputable fact that they did not, commerce-based offenses can only be enforced only as clause 17 of Article I, § 8, permits: "To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;..." In this case, none of the qualifications for Federal enforcement of its criminal laws exist, and will require this case to be remanded to this Court to reach the merits this Court has not addressed, and the Government has not refuted are reasons for granting Petitioner habeas corpus relief under 28 U.S.C. § 2255.

15.    Therefore, it stands to reason that if the Government lacked power to enforce the laws in this case in a nationwide manner, it lacked standing to hale Petitioner into this Court for prosecution, on the principle announced by the Supreme Court, in Menna v. New York, 423 U.S. 61, 62 n. 2 (1975) for the proposition that prohibits a government from haling an individual into court it is constitutionally prohibited to do, and the so-called plea agreement is rendered null and void, and unenforceable, when the Government lacked standing to prosecute the

-7-

alleged federal criminal case in this Court under all the circumstances of the case presented and argued by Petitioner in his pleadings in this Court on collateral review, where the "Due Process Clause protects an individuals' right to be deprived of life, liberty, or property only by the exercise of lawful power," McIntyre Mach., Ltd. v. Nicastro, 131 S.Ct. 2780, 2786 (2011)(citation omitted)— power that has been shown the Government lacked, and the Court's failure to address the merits and grant the Rules 59(e) and 60(b)(6) motion to alter the judgment and reinstate the matter and reach the merits, is a prime example of the manifest injustice of prolonging a prisoners' imprisonment needlessly, and unlawfully, and will require remand on appeal.

## Supporting Papers

16.    This application is based on this document, on the Notice of Appeal filed pursuant to Fed.R.App.P. 4(c)(1), on October 23, 2015, on the incorporated Memorandum of Points and Authorities, on all of the pleadings and papers on file in this action, and on whatever argument and evidence the Court may permit at any hearing on this application.

I affirm under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated:    October 23  , 2015.

Respectfully submitted,

GEOFFREY PORTWAY, #94627-038, Petitioner pro se
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

-8-

## Certificate of Service

I hereby certify that a copy of the foregoing Application for Certificate of Appealability was served, by first class mail, on this ___23rd___ , day of October, 2015, on Thomas E. Kanwit, Assistant U.S. Attorney, 1 Courthouse Way, Suite 901, Boston, MA 02210.

GEOFRREY PORTWAY, pro se

Form 4.        **Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis**

## UNITED STATES COURT OF APPEALS FOR THE FIRST    CIRCUIT

**Appellant or Petitioner,** Geoffrey Russell Portway

v.                                    **Case No.**

**Appellee or Respondent,** United States of America

| **Affidavit in Support of Motion** | **Instructions** |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. 28 U.S.C. sec. 1746; 18 U.S.C. sec. 1621. | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need nore space to answer a question, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

**Signed:** 

**Date:** 10/23/15

**My issues on appeal are:** In a habeas corpus type of cause, it was clearly erroneous for the district court not to address and reach the substantive claims based on the limits the Constitution places on the Government, for the enforcement of the federal criminal laws, in the absence of any constitutional amendment conferring on the Executive Branch authorization for the enforcement of any commerce-based prohibitions in a nationwide manner, as the Eighteenth Amendment had permitted, where the Government, in not disputing or arguing against such contention raised on collateral attack, which involves both personal jurisdiction want of the court, and the Due Process Clause requires the showing the existence of, renders the habeas corpus cause not final, for purposes of appeal, and requires remand to the district court for disposal of such claims, where not even a purported plea agreement is valid, much less enforceable, when it is alleged the Government lacked power of such enforcement of its criminal laws, under the circumstances of the underlying criminal case, and estoppel of the enforcement of such invalid plea agreement, and shows a denial of a constitutional right to be prosecuted in a court possessing both subject-matter **and personal jurisdiction** of the case.

-1-

23

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income Source | Average monthly amount during the past 12 months | | Amount expected next month | |
| --- | --- | --- | --- | --- |
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Self-Employment | $ 0 | $ n/a | $ 0 | $ n/a |
| Income from real property (such as rental income) | $ 0 | $ n/a | $ 0 | $ n/a |
| Interest and Dividends | $ 0 | $ n/a | $ 0 | $ n/a |
| Gifts | $ 150 | $ n/a | $ 150 | $ n/a |
| Alimony | $ 0 | $ n/a | $ 0 | $ n/a |
| Child Support | $ 0 | $ n/a | $ 0 | $ n/a |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ n/a | $ 0 | $ n/a |
| Disability (such as social security, insurance payments) | $ 0 | $ n/a | $ 0 | $ n/a |
| Unemployment Payments | $ 0 | $ n/a | $ 0. | $ n/a |
| Public-Assistance (such as welfare) | $ 0 | $ n/a | $ 0 | $ n/a |
| Other (specify) | $ 0 | $ n/a | $ 0 | $ n/a |
| TOTAL MONTHLY INCOME: | $ 150 | $ n/a | $ 150 | $ n/a |

24

2. List your employment history, most recent employer first.
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| BJ's Wholesale Club | can't remember | From FEB/2000 To JULY/2012 | $ 4,250 |
|  |  | From To | $ |
|  |  | From To | $ |
|  |  | From To | $ |

3. List your spouse's employment history, most recent employer first.
   *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/a |  | From To | $ |
|  |  | From To | $ |
|  |  | From To | $ |
|  |  | From To | $ |

4.    How much cash do you and your spouse have?   $ | 0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| n/a |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your instituional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account .

5.    List the assets, and their values, which you own or your sopuse owns. Do not list clothing and ordinary household furnishing.

| Home | Value | Other Real Estate | Value |
|---|---|---|---|
| n/a | $ | n/a | $ |

| Motor Vehicle 1: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| n/a |  |  | $ |

| Motor Vehicle 2: Make & Year | Model | Registration # | Value |
|---|---|---|---|
| n/a |  |  | $ |

| Other Assets | Value |
|---|---|
| n/a | $ |
|  | $ |
|  | $ |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| n/a | $ | $ |
|  | $ | $ |
|  | $ | $ |

7.    State the persons who rely on you or your spouse for support. If a dependent is a minor, list only the initials and not the full name.

| Name | Relationship | Age |
|---|---|---|
| n/a |  |  |
|  |  |  |
|  |  |  |

-5-

27

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>- Are real estate taxes included? ☐ Yes ☐ No<br>- Is property insurance included? ☐ Yes ☐ No | $ O | $ n/a |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ O | $ n/a |
| Home maintenance (repairs and upkeep) | $ O | $ n/a |
| Food | $ 100 | $ n/a |
| Clothing | $ O | $ n/a |
| Laundry and dry-cleaning | $ O | $ n/a |
| Medical and dental expenses | $ O | $ n/a |
| Transportation (not including motor vehicle payments) | $ O | $ n/a |
| Recreation, entertainment, newspapers, magazines, etc. | $ 10 | $ n/a |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| - Homeowner's or renter's...................................................................... | $ O | $ n/a |
| - Life................................................................................................... | $ O | $ n/a |
| - Health.............................................................................................. | $ O | $ n/a |
| - Motor Vehicle................................................................................... | $ O | $ n/a |
| - Other: | $ O | $ n/a |
| Taxes (not deducted from wages or included in mortgage payments) | | |
| Specify: | $ O | $ n/a |
| Installment payments | | |
| - Motor Vehicle................................................................................... | $ O | $ n/a |
| - Credit Card   (name): | $ O | $ n/a |
| - Department Store   (name): | $ O | $ n/a |
| - Motor Vehicle................................................................................... | $ O | $ n/a |

| Alimony, maintenance, and support paid to others | $ | 0 | $ | n/a |
|---|---|---|---|---|
| Regular expenses for the operation of business, profession, or farm (attach detailed statement) | $ | 0 | $ | n/a |
| Other (specify) | $ | 0 | $ | n/a |
| **Total Monthly Expenses:** | $ | 110 | $ | n/a |

9.   Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

⬜ Yes     ☑ No

If yes, describe on an attached sheet.

10.   Have you paid--or will you be paying--an attorney any money for services in connection with this case, including the completion of this form?

⬜ Yes     ☑ No

If yes, how much?  $

If yes, state the attorney's name, address, and telephone number.

Name

Address

City                                    State          Zip Code

Telephone Number (ex., 4153558000)

11.   Have you paid--or will you be paying--anyone other than attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

⬜ Yes     ☑ No

If yes, how much?  $

If yes, state the attorney's name, address, and telephone number.

Name

Address

City                                    State          Zip Code

Telephone Number (ex., 4153558000)

-7-

29

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

Owe $320 in court fees for case   CV-15-00415-TUC-RCC (PSOT).

13. State the city and state of your legal residence.

City   Tucson          State  Arizona

Your daytime telephone number (ex., 4153558000)   n/a

Your age:  42   Your years of schooling:  13

Last four digits of your Social Security Number (ex.,6789)  9575

-8-

30

# Inmate Statement



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Inmate Reg #:** | 94627038 | | | **Current Institution:** | Tucson - FCC | | |
| **Inmate Name:** | PORTWAY, GEOFFREY | | | **Housing Unit:** | FCP-B-B | | |
| **Report Date:** | 10/20/2015 | | | **Living Quarters:** | B02-121L | | |
| **Report Time:** | 9:21:47 AM | | | | | | |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| TCN | 10/14/2015 3:48:22 PM | RTCND005 | 106 | | Initial PLRA Pymt | ($30.00) | | $30.84 |
| TCN | 10/14/2015 8:15:39 AM | 11 | | | Sales | ($55.65) | | $60.84 |
| TCN | 10/7/2015 8:11:08 AM | 6 | | | Sales | ($67.05) | | $116.49 |
| TCN | 10/1/2015 1:01:41 PM | 125 | | | Sales | ($16.10) | | $183.54 |
| TCN | 9/16/2015 8:28:24 AM | 23 | | | Sales | ($122.89) | | $199.64 |
| TCN | 9/9/2015 8:27:36 AM | 19 | | | Sales | ($47.10) | | $322.53 |
| TCN | 9/3/2015 6:03:55 PM | 33315246 | | | Western Union | $300.00 | | $369.63 |
| TCN | 9/2/2015 8:48:07 AM | 25 | | | Sales | ($52.10) | | $69.63 |
| TCN | 9/2/2015 8:46:30 AM | 24 | | | Sales | ($26.50) | | $121.73 |
| TCN | 8/21/2015 11:42:32 AM | TL0821 | | | TRUL Withdrawal | ($30.00) | | $148.23 |
| TCN | 8/12/2015 8:09:51 AM | 13 | | | Sales | ($71.29) | | $178.23 |
| TCN | 7/30/2015 8:17:15 AM | 35 | | | Sales | ($44.50) | | $249.52 |
| TCN | 7/23/2015 8:27:35 AM | 18 | | | Sales | ($115.43) | | $294.02 |
| TCN | 7/10/2015 10:04:15 AM | 33315191 | | | Western Union | $300.00 | | $409.45 |
| TCN | 7/9/2015 8:11:22 AM | 16 | | | Sales | ($118.64) | | $109.45 |
| TCN | 7/2/2015 5:50:10 PM | TL0702 | | | TRUL Withdrawal | ($30.00) | | $228.09 |
| TCN | 7/2/2015 7:58:09 AM | TFN0702 | | | Phone Withdrawal | ($12.00) | | $258.09 |
| TCN | 6/28/2015 5:27:54 PM | TL0628 | | | TRUL Withdrawal | ($30.00) | | $270.09 |
| TCN | 6/26/2015 5:03:35 AM | 33315177 | | | Western Union | $300.00 | | $300.09 |
| TCN | 6/5/2015 7:16:55 AM | PICP0615 | | | Inmate Co-pay | ($2.00) | | $0.09 |
| TCN | 5/21/2015 8:27:01 AM | 47 | | | Sales | ($29.16) | | $2.09 |
| TCN | 5/19/2015 5:57:12 PM | TL0519 | | | TRUL Withdrawal | $5.00 | | $31.25 |
| TCN | 5/7/2015 8:40:46 AM | 66 | | | Sales | ($99.75) | | $26.25 |
| TCN | 4/23/2015 1:19:09 PM | 81 | | | Sales | ($162.20) | | $126.00 |
| TCN | 4/20/2015 10:56:36 AM | TL0420 | | | TRUL Withdrawal | ($15.00) | | $288.20 |
| TCN | 4/20/2015 7:03:35 AM | 33315110 | | | Western Union | $300.00 | | $303.20 |
| TCN | 4/16/2015 7:36:07 AM | TL0416 | | | TRUL Withdrawal | $3.00 | | $3.20 |
| TCN | 4/8/2015 2:11:52 PM | 66 | | | Sales | ($1.80) | | $0.20 |
| TCN | 4/8/2015 2:10:39 PM | 65 | | | Sales | ($27.75) | | $2.00 |
| TCN | 4/2/2015 12:37:46 PM | 68 | | | Sales | ($31.65) | | $29.75 |
| TCN | 3/25/2015 2:45:27 PM | 2579 | | | SPO - Released | | $131.80 | -------- |
| TCN | | 102 | | | Sales | ($129.55) | | $61.40 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 3/25/2015 2:45:27 PM | | | | | |
| TCN | 3/24/2015 9:04:28 PJV0083 AM | | Photo Copies | ($16.90) | | $190.95 |
| TCN | 3/11/2015 2:39:09 95 PM | | Sales | ($52.40) | | $207.85 |
| TCN | 3/11/2015 1:25:37 2579 PM | | SPO | | ($131.80) | -------- |
| TCN | 3/5/2015 12:08:31 PICP0315 PM | | Inmate Co-pay | ($2.00) | | $260.25 |
| TCN | 3/4/2015 2:04:13 88 PM | | Sales | ($57.55) | | $262.25 |
| TCN | 3/1/2015 8:04:27 33315060 PM | | Western Union | $300.00 | | $319.80 |
| TCN | 2/18/2015 1:52:50 64 PM | | Sales | ($29.70) | | $19.80 |
| TCN | 2/4/2015 2:30:25 93 PM | | Sales | ($84.40) | | $49.50 |
| TCN | 2/3/2015 10:20:44 1809 AM | | BP 199 Request - Released | | $20.00 | -------- |
| TCN | 2/3/2015 10:20:44 1809 AM | 891 | Books | ($20.00) | | $133.90 |
| TCN | 1/21/2015 6:41:54 1809 AM | | BP 199 Request | | ($20.00) | -------- |
| 1 | | | | | | |

**Total Transactions: 43**

| | | | Totals: | ($123.06) | $0.00 | |
|---|---|---|---|---|---|---|

## Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| TCN | $30.84 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $30.84 |
| **Totals:** | **$30.84** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$30.84** |

## Other Balances

| National 6 Months Deposits | National 6 Months Withdrawals | Natioanl 6 Months Avg Daily Balance | Local Max Balance - Prev 30 Days | Average Balance - Prev 30 Days | Commissary Restriction Start Date | Commissary Restriction End Date |
|---|---|---|---|---|---|---|
| $1,200.00 | $1,172.36 | $164.34 | $199.64 | $141.31 | N/A | N/A |

U. Jlaw. CCC
Correctional Counselor
10/20/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
GEOFFREY PORTWAY,                             )
                                              )
                                              )
         v.                                   )        No. 12-cr-40064-TSH
                                              )
UNITED STATES of AMERICA                      )
                                              )
              Defendant                       )
_____)


OPPOSITION OF THE UNITED STATES
TO MOTION FOR A CERTIFICATE OF APPEALABILITY

Defendant Geoffrey Portway filed a motion for a certificate of appealability [docket # 96]

following this Court's denial of his repeated motions and petition.  Because his claims have been

procedurally defaulted and waived, and because the certificate of appealability is intended to

stem exactly this type of frivolous appeal, the government urges the Court to deny defendant's

motion.

On September 19, 2014, Defendant Geoffrey Portway filed a petition pursuant to 28

U.S.C § 2255. [docket #68]  In his petition, defendant sought to circumvent his guilty plea and

plea agreement on a dubious legal ground that Congress lacked authority to enact the statute of

which Portway had been convicted and this Court lacked, therefore, jurisdiction to adjudicate his

guilt or innocence (notwithstanding defendant's implicit agreement through his plea agreement

and plea to accept the jurisdiction of the Court and his express waiver of collateral or direct

appellate rights).

On February 11, 2015, the United States opposed defendant's motion.  [docket #79]  On

March 30, 2015, defendant filed a reply to the government's opposition.  [docket # 82]  This

Court denied defendant's motion on May 20, 2015.  [docket #84]  Undeterred, defendant filed a

motion, styled as a "motion to amend judgment," on June 8, 2015. [docket #85]  Equally

unmoved, the Court denied this second motion on August 26, 2015.  [docket #88]

Defendant subsequently claimed that the government is somehow in default because it

did not respond to his second motion, which the Court denied (and which motion did not raise a

new ground for relief).  This, too, was denied by the Court on September 11, 2015.  [docket # 93]

Section 2253(c)(1) requires that a circuit justice or district court judge issue a certificate

of appealability ("COA") before an appeal may be taken. Under  section 2253(c)(2), a COA may

issue "only if the applicant has made a substantial showing of the denial of a constitutional

right."  Further, section 2253(c)(3) provides that the COA "shall indicate which specific issue or

issues satisfy the showing required by paragraph (2)."

When, as here, the district court dismissed the petition based on procedural grounds

without reaching the petitioner's underlying constitutional claims, "a COA should issue *only*

when the prisoner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district

court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

that the district court erred in dismissing the petition or that the petitioner should be allowed to

proceed further." *Id.*  In this circuit, "the necessity for a substantial showing extends

independently to each and every issue raised by a habeas petitioner." *Bui v. DiPaolo*, 170 F.3d

232, 236 (1st Cir. 1999).  The government urges the Court to deny defendant's motion for a

certificate of appealability as he has not, and cannot, make the requisite showing.  Defendant, as

the Court correctly found, knowingly, intelligently and voluntarily waived his right to appeal his

sentence and he procedurally defaulted his claim of insufficient jurisdiction.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:

/s/ Thomas E. Kanwit
THOMAS E. KANWIT
Assistant U.S. Attorney
J. Joseph Moakley Courthouse
1 Courthouse Way, Suite 901
Boston, MA 02210
(617) 748-3271

Counsel certifies that this document was filed using the CM/ECF electronic document filing system of the District of Massachusetts on this date and that it is counsel's understanding that it will be served on counsel for defendant (if any) via that system; a copy will be served on defendant by placing it in the United States mail, postage prepaid, to Geoffrey Portway, Prisoner No. 94627-038,  P.O. Box 24550, United States Penitentiary, Tucson, AZ 85734.

 /s/ Thomas E. Kanwit
THOMAS E. KANWIT

November 6, 2015

3

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2015 NOV 19 A 9: 56

GEOFFREY PORTWAY,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

Case Nos.
14-CV-40137-TSH DISTRICT COURT
12-CR-40064-TSH I OF MASS.

REPLY TO THE OPPOSITION OF THE
UNITED STATES TO PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY

Geoffrey Portway, Petitioner, pro se, submits this reply to the United States' opposition for a Certificate of Appealability ("COA"), and would assert the Government's argument are inconsistent with the plain and strict construction of the statutory provision, 28 U.S.C. § 2253(c)(2), in spite of Slack v. McDaniel, 529 U.S. 473, 484 (2000), addressing "whether the district court was correct in its **procedural** ruling," (emphasis added), where the statute makes no mention as to any procedural ruling, rather it instructs: "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Id.

Whenever substantive due process rights are shown to have been infringed upon, as in this case, violations of **procedural** rights have to stand aside in contrast to a showing of the violation of **substantial due** process rights. In this case, the showing that Petitioner is in custody in violation of the Constitution of the United States, where the Government, in none of its responsive pleadings to Petitioner's assertions, has not disputed that the Constitution, with its enuerated limits on Federal Government powers, does not permit for the enforcement of its federal criminal laws in a nationwide manner, absent a properly passed constitutional amendment enlarging the Government's commerce-nexus

-1-

law enforcement powers to apply in a nationwide manner, as once the Eighteenth Amendment did for the commerce of intoxicating liquors for Executive Branch enforcement nationally.

Thus to be deprived of his liberty by a government that is want of power, under the Constitution, to enforce its criminal laws within the territorial sovereign jurisdiction of the State of Massachusetts, a showing has been more than made of the violation of a constitutional right, and a COA must issue as to all the issues presented in the application for the COA, on this first impression-type of case, the Supreme Court only touched on, in its opinions in the cases relied upon for substantiation that the Commerce Clause jurisprudence has to be revisited and addressed.

Therefore, a COA should issue as to all the issues presented.

Dated:_____November 13 , 2015.

                              Respectfully submitted,

                              _____
                              GEOFFREY PORTWAY, # 94627-038, Petitioner pro se
                              United States Pententiary
                              P.O. Box 24550
                              Tucson, AZ 85734

                    Certificate of Service

    I hereby certify that a copy of the foregoing REPLY was served, by first class mail, on this  13th  day of November, 2015, on Thomas E. Kanwit, Assistant U.S. Attorney, 1 Courthouse Way, Ste. 901, Boston, MA 02210.

                              _____
                              GEOFRREY PORTWAY, Petitoner pro se

-2-

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**GEOFFREY PORTWAY,**                )
)
                    **Petitioner,**  )          **CASE NUMBERS**
)          **12-CR-40064-TSH**
        **v.**                       )          **14-CV-40137-TSH**
)
**UNITED STATES OF AMERICA,**        )
)
              **Respondent.**        )
_____ )

## ORDER ON PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY (Docket No. 96)

### December 1, 2015

**HILLMAN, D.J.**

On May 20, 2015, this Court denied Petitioner's motion to vacate, set aside, or correct a sentence in federal custody pursuant to 28 U.S.C. § 2255. Petitioner now seeks a certificate of appealability relating to that order. The statute governing appeals of final orders in proceedings under section 2255 provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." _Slack v. McDaniel_, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

As explained in this Court's order of May 20, 2015, Petitioner knowingly and voluntarily waived his rights to collaterally challenge his sentence by way of section 2255. Furthermore, even

if the waiver had been invalid or his claim had been jurisdictional, Petitioner procedurally defaulted on his argument that the criminal statutes under which he was convicted exceeded Congressional authority.   Because Petitioner waived his appellate rights and procedurally defaulted on his claim, this Court did not have cause to reach the Constitutional questions raised by his section 2255 motion.   Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of any constitutional right.

Petitioner's application for certificate of appealability (Docket No. 96) is ***denied***.


**SO ORDERED.**


/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Thomas E. Kanwit (nancy.luciano@usdoj.gov, thomas.kanwit@usdoj.gov),
Christopher R. Donato (chris.donato@usdoj.gov, kay-beth.whitten@usdoj.gov,
usama.ecf@usdoj.gov), Stacy D. Belf (stacy.belf@usdoj.gov, sylvia.cooper@usdoj.gov),
District Judge Timothy S Hillman (esther_bachrach@mad.uscourts.gov,
eva_shell@mad.uscourts.gov, honorable_timothy_hillman@mad.uscourts.gov,
martin_castles@mad.uscourts.gov, suzanne_frisch@mad.uscourts.gov,
william_kinder@mad.uscourts.gov)
--Non Case Participants: Richard Rinaldi (richard_rinaldi@map.uscourts.gov)
--No Notice Sent:

Message-Id:6364095@mad.uscourts.gov
Subject:Activity in Case 4:12-cr-40064-TSH USA v. Portway Order on Motion for Leave to
Appeal In Forma Pauperis
Content-Type: text/html
```

## United States District Court

## District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 12/1/2015 at 2:35 PM EST and filed on 12/1/2015

| | |
|---|---|
| **Case Name:** | USA v. Portway |
| **Case Number:** | 4:12-cr-40064-TSH |
| **Filer:** | |
| **Document Number:** | 105(No document attached) |

**Docket Text:**
 **District Judge Timothy S Hillman: ELECTRONIC ORDER entered granting [98] Motion for Leave to Appeal In Forma Pauperis as to Geoffrey Portway (1) (Castles, Martin)**

**4:12-cr-40064-TSH-1 Notice has been electronically mailed to:**

Thomas E. Kanwit      thomas.kanwit@usdoj.gov, nancy.luciano@usdoj.gov

Christopher R. Donato      chris.donato@USDOJ.GOV, kay-beth.whitten@usdoj.gov, usama.ecf@usdoj.gov

Stacy D. Belf      stacy.belf@usdoj.gov, sylvia.cooper@usdoj.gov

**4:12-cr-40064-TSH-1 Notice will not be electronically mailed to:**

Geoffrey Portway(Terminated)
94627-038
USP Tucson
PO Box 24550
TUCSON, AZ 85734